IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TYLOR SHANE BLACK,
ADC #145881                                                                                          PLAINTIFF

V.                              CASE NO. 4:18-CV-730-BSM-BD

KYLE DODSON                                                                                        DEFENDANT

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Chief Judge Brian S. Miller. Any party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.**   **Background**

Tylor Shane Black, an Arkansas Department of Correction inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #1) He alleges, that, on February 8, 2018, he was held at the Van Buren County Jail (Jail) so that he could attend a court proceeding. On that date, Defendant Dodson, a jailer, conducted an inmate count around 11:00 p.m. Mr. Black explains that Defendant Dodson "went to

slam the door and my foot got hung under it." (#1 at p.1) As a result of the incident, a toe on Mr. Black's right foot was broken. (#37-4 at p.8)

Defendant Dodson has moved for summary judgment on Mr. Black's claim against him. (#35) Mr. Black has responded to the motion, and it is ripe for decision. (#42)

### III. Discussion

#### A. Standard

Summary judgment in favor of Defendant Dodson can be granted only if evidence in the record, viewed in a light most favorable to Mr. Black, shows that there is no real dispute about any fact that is important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986).

#### B. Deliberate Indifference – Individual Capacity[1]

According to the incident report in the record, on the date and time of the injury to Mr. Black's toe, Defendant Dodson was conducting a head count at the Jail. When he and other officers approached C-pod, they noticed several inmates standing at the door. Defendant Dodson instructed the inmates to move away from the door, but they refused.

---

[1] Defendant Dodson argues that, because Mr. Black did not specifically state that he was suing Defendant Dodson in his personal capacity, the Court must construe his claims against Defendant Dodson in his official capacity only. In his response to Defendant Dodson's motion, however, Mr. Black states that Defendant Dodson acted in his "personal capacity" during the underlying incident. (#42 at p.3) Because Mr. Black is proceeding without the help of a lawyer, the Court will construe his claims against Defendant Dodson as both individual and official capacity claims.

Mr. Black was standing in front of the door when Defendant Dodson attempted to shut it. Several other inmates grabbed the door to keep officers from shutting it. According to Defendant Dodson, "T. Black got his foot caught in the door and hurt his toe." (#37-5 at p.2)

Defendant Dodson attaches Mr. Black's deposition transcript to his motion. (#37-7) In that testimony, Mr. Black states that his foot was caught under the door when Defendant Dodson tried to "slam the door." (#37-7 at p.23) At that point, other inmates "tried to hold the door back to get [his] foot out." (*Id.*) According to Mr. Black, however, Defendant Dodson "still kept trying to shut the door." (*Id.*) He stated that he believed that Defendant Dodson was irritated with another inmate when the incident occurred. (*Id.* at pp.56-62, 85, 90-91) Mr. Black also testified that he "wouldn't even [have] filed the lawsuit if dude would have apologized to [him]." (*Id.* at p.73) Based on Defendant Dodson's failure to apologize, Mr. Black concluded that Defendant Dodson purposely slammed the door on his foot. (*Id.* at pp.74, 80, 96)

"Deliberate indifference" is evidenced when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970. "[N]egligence or inadvertence does not rise to the level of deliberate indifference." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). "In contrast to negligence, 'deliberate indifference requires a highly culpable state of mind approaching actual intent.'" (*Id.*) (citing *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993)). "The defendant-official's

state of mind must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision." (*Id.*) (internal citation omitted).

For purposes of reviewing the motion, the Court will assume that Mr. Black's version of the event is true. Even so, there is no evidence to suggest that Defendant Dodson's conduct was intentional or criminally reckless. Mr. Black's subjective belief that Defendant Dodson's failure to apologize proves that his conduct was intentional is unfounded. Based on the evidence presented, the Court must conclude that Defendant Dodson accidentally slammed the door on Mr. Black's foot. Because negligent conduct cannot support a constitutional claim, Mr. Black should not be allowed to proceed on this claim.

Assuming that Defendant Dodson knew that Mr. Black's toe was trapped under the door, Defendant Dodson should not have continued his attempt to force the door closed. The failure to appreciate the risk of harm to Mr. Black, however, is fairly deemed grossly negligent rather than deliberate. Mr. Black testified that he was able to remove his foot from under the door within ten seconds of the door closing. (#37-7 at p.85) Furthermore, based on Mr. Black's testimony, several inmates were holding on to the door in attempt to lift it. (*Id.* at pp.84-85) While the better course of conduct would have been for Defendant Dodson to open the door to allow Mr. Black to remove his foot, the Court must not use hindsight in evaluating Defendant Dodson's conduct.

Mr. Black has failed to present proof to create a material question of fact regarding Defendant Dodson's requisite mental state while he was attempting to shut the cell door.

4

The Court concludes, therefore, that Defendant Dodson's conduct falls short of deliberate indifference, and that he is entitled to judgment as a matter of law.[2]

C. Official Capacity Claims

Official-capacity claims against Defendant Dodson are, in effect, claims against Van Buren County itself. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments can be held liable in cases such as this only when an employee violates a prisoner's rights while carrying out a county policy or custom.[3] *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). *Id.; Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). Here, Mr. Black does not allege that he suffered any injury as a result of a Van Buren County policy or custom. Official-capacity claims, therefore, should be dismissed.

IV. **Conclusion**

The Court recommends that Defendant Dodson's motion for summary judgment (#35) be GRANTED. Mr. Black's claims should be DISMISSED, with prejudice. In addition, his motion for a settlement conference (#40) should be DENIED, as moot.

---

[2] Because Mr. Black's claim fails as a matter of law, the Court will not address Defendant Dodson's qualified immunity argument in this Recommendation. In any event, had Defendant Dodson intentionally tried to injure Mr. Black's toe, it is doubtful that he could successfully rely on a qualified-immunity defense.

[3] For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902-903.

DATED, this 15th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE